*C. W. Everett,* for plaintiff.

*King & Tracey,* for defendant.

## NEGLIGENCE IN CROSSING A RAILWAY.

[Circuit Court of Cuyahoga County.]

LAKE SHORE & MICHIGAN SOUTHERN RAILWAY CO. v. KATHERINE LANDPHAIR, ADMINISTRATRIX.

Decided, February 10, 1902.

*Negligence—Failure to Take Precautions at Railway Crossing—Will Defeat Recovery—Notwithstanding Negligent Running of the Train.*

There is no liability on the part of a railway company for the death of one who attempted in broad daylight, without looking for the approach of a train, to cross its tracks at a point where a train could be seen a mile distant, there being nothing to show the accident could have been avoided by the trainmen after discovering the peril of the decedent. The fact that the train was running at an unlawful rate of speed, or that there was a failure to give a warning signal by whistle or bell is without avail in such a case.

MARVIN, J.; CALDWELL, J., and HALE, J., concur.

Heard on error.

The plaintiff in error owns a railroad which passes through the city of Cleveland in Cuyahoga county, running east and west. Near the west line of the city and within the city limits, there is a place of resort called Edgewater Park. The tracks of the railway company run along the south side of this park. In this immediate vicinity there are public streets beginning on the south side of the right of way of said railway company and extending to the south. One of these streets is known as Ramsey street.

It is claimed on the part of the defendant in error, that immediately north of the north end of Ramsey street a crossing of planks, lying between the rails, was laid, and was in existence on June 27, 1899, extending from the north end of Ramsey street to the north line of the right of way of the railway company, the same being the south line of said Edgewater Park. That this crossing was a general passageway used extensively by the public, to the knowledge and with the consent of the railway company, for going to and from said park; that on the date last named the said Peter Daugherty, while somewhere on the right of way of the railway company at or near this crossing, was struck by an engine of the railway company, drawing a passenger train to the east, at about five o'clock in the afternoon, and was instantly killed.

The defendant in error, having been appointed administrator of the estate of said Daugherty, brought suit against the railroad company, charging that the death of her decedent was caused by the wrongful act of the plaintiff in error. The cause was tried in the court of common pleas, resulting in a verdict for $500 in favor of the administrator; judgment was entered upon this verdict; a motion for a new trial was filed and overruled, and the present proceeding is prosecuted to reverse said judgment. A bill of exceptions is filed, containing all the evidence introduced upon the trial.

The negligence complained of in the petition of the plaintiff below, is that the train, at the time of this accident, was running at a much higher rate of speed than is allowed under an ordinance of the city of Cleveland; that no warning, either by the ringing of a bell, or the sounding of a whistle, was given as the train approached this crossing; that the train was not stopped, or its speed slackened, after said Daugherty was in a place of danger; and that no flagman was at this crossing for the purpose of warning people of on-coming trains.

The railway company admits that Daugherty was killed by reason of being struck by its engine; but denies that it was guilty of any negligence in the premises, and avers that the deceased was himself negligent at the time of the accident; and

that but for his negligence he would not have been struck by the engine.

It is plainly shown by the evidence that the train at the time of the accident was running at a rate of speed much greater, several times greater, than was allowed by the city ordinance.

The jury might well have believed, from the evidence, that the crossing at the north end of Ramsey street was so generally used by the public as that the railway company should be held to have recognized it as a licensed crossing. There was no one employed by the railway company at this crossing to warn people of on-coming trains.

We are not prepared to say that the finding by the jury that the whistle was not sounded or the bell not rung in time to have been of any avail to one making use of this crossing, though it is extremely doubtful whether, under the evidence, such is a fact, would have been erroneous. We do not undertake to say that a finding by the jury that Daugherty was killed at this crossing would have been erroneous, though *that* is far from being made clear by the evidence.

If he was struck at this crossing, he was thrown or carried a long distance from it, because his dead body, when the train had passed it, was near the foot of Barrett street, which is about four hundred feet east of Ramsey street.

There is no evidence that would justify a finding that, after Daugherty was in a place of danger such as would indicate that he was likely to be struck by the engine, anything could have been done by the engineer to have saved him.

The evidence is clear, that at the time of the accident it was broad daylight; that there is an unobstructed view of the track for a mile to the west of where this accident happened; and that, if Daugherty had exercised *any* of that vigilance which is required of one to protect himself when in, or about to go in, a place of danger, he *must* have seen this on-coming train; there was nothing to prevent him from stepping upon either side of the track.

If then, every contention of the defendant in error as to the negligence of the plaintiff in error is found to be true, still the judgment of the court of common pleas must be reversed.

To hold otherwise, would be to say that one is not required, when in or about to enter into a place of danger, to exercise that care which our Supreme Court has again and again said he is required to exercise. See *Pennsylvania Co.* v. *Rathgeb,* 32 Ohio St., 66; *Cleveland, C., C. & I. Ry. Co.* v. *Elliott,* 28 Ohio St., 340, 341; *Railroad Co.* v. *Depew,* 40 Ohio St., 121.

The judgment of the court of common pleas is reversed, for the evidence clearly shows negligence on the part of the deceased which either caused or directly contributed to the accident.

*Brewer, Cook & McGowan,* for plaintiff in error.

*Hart, Canfield & Callahan,* for defendant in error.